IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERIFONE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERVE, LLC., OMRON CORPORATION, OMRON MANAGEMENT CENTER OF AMERICA, INC., OMRON ADVANCED SYSTEMS, INC., OMRON LOGISTICS OF AMERICA, INC., OMRON ELECTRONICS, INC., OMRON IDM CONTROLS, INC., OMRON MANUFACTURING OF AMERICA, INC., OMRON SYSTEMS LLC, OMRON TRANSACTION SYSTEMS, INC., and OMRON ELECTRONIC COMPONENTS LLC, <br><br> Defendants. <br> AND CONSOLIDATED CASES. | No. C 04-02795 WHA <br><br> Consolidated with <br><br> No. C 04-04025 WHA and <br> No. C 05-00465 WHA <br><br> **ORDER GRANTING MOTION TO DISMISS CLAIMS AS TO UNITED STATES PATENT NO. 4,562,340** |

In this consolidated patent case, plaintiff seeks a declaratory judgment of patent invalidity, unenforceability and non-infringement of United States Patent Nos. 4,562,340, 4,562,341 and 4,678,895. Because there were no counterclaims of infringement with respect to the '340 patent, plaintiff now seeks to dismiss those claims. This motion is **GRANTED**.

The above-captioned action is the master file for three consolidated cases, (two of which were severed and transferred from other districts), involving the patents-in-suit. Plaintiff Verifone, Inc. filed its master consolidated complaint for declaratory judgment on February 23, 2005. In its answer filed on March 10, 2005, defendant Verve, LLC did not include a

1  counterclaim of infringement of the '340 patent.  Moreover, defendant Verve's preliminary
2  infringement contentions disclosed its intention to assert only the other two patents-in-suit
3  (Dukelow Exh. C).  Plaintiff now seeks to dismiss its patent invalidity, unenforceability and
4  non-infringement claims with respect to the '340 patent.  This motion is unopposed.

Pursuant to 28 U.S.C. 2201(a), declaratory-judgment jurisdiction depends upon the existence of a case or controversy between the parties.  This means that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  Here, there exists no actual case or controversy with respect to the '340 patent because defendant Verve failed to assert a counterclaim of infringement.  *See Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed. Cir. 1999)("[A]n infringement counterclaim is compulsory in an action for declaration of non-infringement.").  Thus, the Court lacks declaratory-judgment jurisdiction to decide the claims pertaining to this patent.

For the foregoing reasons, plaintiff's motion is **GRANTED**.  The claims of the master consolidated complaint regarding the '340 patent are **DISMISSED**.  The hearing on this motion, currently scheduled for **MAY 26, 2005 AT 8:00 A.M.**, is **VACATED**.

**IT IS SO ORDERED.**

Dated:  May 10, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2